UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS ALAN LOBATO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration<br><br>　　　　Defendant.<br>_____/ | No. C-10-02022 JCS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**<br><br>**[Docket No. 23 ]** |

## I.　INTRODUCTION

In the above-captioned case, the Court entered judgment in favor of Plaintiff, reversing the decision of the Social Security Commissioner denying Plaintiff's request for disability benefits and remanding for award of benefits. Plaintiff filed a Motion for Attorneys' Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. ¶ 2412(d). For the reasons stated below, the Plaintiff's Motion for Attorney's Fees is GRANTED IN PART.[1]

## II.　BACKGROUND

### A.　**Procedural Background**

Plaintiff filed a claim for disability benefits on August 2, 2005, alleging disability as of that date due to low back pain. Administrative Record ("AR") at 8. That claim was denied initially on September 14, 2007, and on reconsideration on January 11, 2008. *Id*. Plaintiff filed a timely written request for a hearing on February 8, 2008. *Id.*

---

[1]The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The hearing was held on June 4, 2009. *Id.* Plaintiff was represented at the hearing by Richard Gutstadt, an attorney. *Id.* Administrative Law Judge ("ALJ") Randolph E. Schum presided over the hearing. *Id.* at 17. In a decision dated September 29, 2009, the ALJ denied Plaintiff's claim of disability. *Id.* at 16-17.

Plaintiff filed the above-captioned action pursuant to 42 U.S.C. § 405(g), which gives the Court jurisdiction to review the final decision of the Commissioner. Plaintiff filed a motion for summary judgment asking the Court to reverse the decision of the Commissioner, and either to remand for benefits or for further administrative proceedings. The Defendant responded with a Cross-Motion for summary judgment, asking the Court to uphold the Commissioner's final decision. The Court granted the Plaintiff's Motion and denied the Defendant's motion and remanded the matter for an award of benefits to the Plaintiff. Thereafter, Plaintiff filed a timely motion for attorney's fees.

### B. Plaintiff's Calculation of Fees Requested[2]

In the Motion, Plaintiff's counsel Mr. Clark argues that he is entitled to $8,610 in attorneys' fees. He calculates these fees based upon the fact that The Equal Access to Justice Act provides for fees of $125.00 per hour, adjusted for cost of living increases, plus reasonable expenses. Motion at 4 (citing 28 U.S. 2412(d)(2)(A)). The method for calculating the cost of living adjustment is set forth in *California Marine Cleaning Service v. U.S.*, 43 Fed. Cl. 724 (1999) Plaintiff submits the following formula: (CPI [the Department of Labor's Consumer Price Index] at time services were rendered ÷ CPI as of March 1996) x $125. The court in *California Marine Cleaning Service* used the CPI for "All Urban Consumers, U.S. City Averages, All Items." *Id.* at 734, n. 7. That CPI stood at 155.7 in March 1996. *Id.* at 734, n. 9. Plaintiff points out that services in this case were rendered primarily in September 2010 when the CPI for "All Urban Consumers, U.S. City Averages, All Items" was 218.439 and November 2010 when the CPI for "All Urban Consumers, U.S. City

---

[2] The Equal Access to Justice Act also requires that the party seeking fees cannot not have a net worth in excess of $2,000,000. 28 U.S. 2412(d)(2)(B). Mr. Clark has submitted the declaration of Plaintiff Lobato attesting that his net worth does not exceed $2,000,000.

2

1 Averages, All Items" was 218.803. Using an average of these two CPI number, Plaintiff requests an
2 award at the rate of $175 per hour ((218.439 + 218.803/2)/155.7 x $125 = $175.5146). The
3 Defendant does not contest these figures or the calculations. Rather, Defendant contests the number
4 of hours billed.

Plaintiff seeks a total amount of $8,610.00. In support of this fee request, Plaintiff's counsel submits a declaration documenting 47.2 hours of time "reasonably required to represent Mr. Lobato in this case" and costs consisting of the filing fee in the amount of $350. *See* Declaration of Glenn M. Clark, (hereafter "Clark Decl.").

In the Plaintiff's Motion, counsel asks that the fee award be made directly to him; however, in his Reply, he agrees with the government that the fee award should be paid to the Plaintiff "with the Government exercising its discretion to honor the assignment of EAJA fees and costs." Reply at 3. Plaintiff's counsel also attests in his Reply that he has not billed any time for the preparation of the Reply Brief in connection with the present attorney's fee motion. Reply at 3.

### III. ANALYSIS

#### A. Legal Standard

The EAJA provides, in relevant part, that

> [e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

§ 2412(d)(1)(A). Thus, to obtain a fee award requires: "(1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; [and] (3) that no 'special circumstances make an award unjust.' " *Comm'r v. Jean*, 496 U.S. 154, 158, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). The court must allow the fee award unless it finds that the position of the United States was substantially justified. *Flores v. Shalala*, 49 F.3d 562, 569–70 (9th Cir.1995).

3

When awarding a party attorneys' fees pursuant to the EAJA, the court must determine the reasonableness of the fees sought. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir.2001). This inquiry generally entails determining "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)) (quotation marks omitted). The court may reduce an award if it finds that the movant has provided inadequate documentation of the fees requested, that the hours spent by counsel were unreasonable, or that the movant achieved "limited success" in the litigation. *Id.* at 1146–47 (citing *Hensley*, 461 U.S. at 433-34, 436-37) (quotation marks omitted).

### B. Application of the Law to the Facts of the Case

The Court finds that the Plaintiff is entitled to fees. First, the entitlement to fees is uncontested. Defendant does not dispute Plaintiff's entitlement to fees or the hourly rate sought, only the number of hours billed. Second, the Plaintiff is the prevailing party. The court deems a party prevailing if the party demonstrates that "(1) as a factual matter, the relief sought by the lawsuit was in fact obtained as a result of having brought the action, and (2) there was a legal basis for the plaintiffs' claim." *Andrew v. Bowen*, 837 F.2d 875, 877–78 (9th Cir.1988) (citation omitted). In the present case, Defendant concedes, and the court agrees, that Plaintiff qualifies as a prevailing party because his suit secured a remand of the SSA's final administrative decision. *See Shalala v. Schaefer*, 509 U.S. 292, 296, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).

The disagreement between the parties is whether the amount sought is reasonable. The Court concludes that the amount sought by Mr. Clark pursuant to the Agreement is reasonable with one exception - fees sought for clerical work performed in this case, *i.e.*, efiling the briefs in the case. Defendant contends that the number of hours claimed, 47.2 is excessive. In its opposition, Defendant argues that the "average" number of hours expended on a social security case of this nature is between 15 and 40 hours. Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion and Application for Attorney's Fees and costs Under the Equal Access to Justice Act 28 U.S.C. § 2412(d) at 2 (hereafter "Defendant's Opp."). In support, Defendant cites to several district courts that have observed an average hourly range of 20-40 hours

4

billed in a standard social security case. *Id.* at 2-3 (citing cases). One case, cited by the Defendant, *Terry v. Bowen*, 711 F. Supp. 526, 527 (D. Ariz. 1989) noted that fees under EAJA for 40 hours "falls right in line with one court's determination of an average." Plaintiff cites to a social security case from this district in which Magistrate Judge Bernard Zimmerman awarded fees sought by Plaintiff at an hourly rate in 2006 of $159.76. Plaintiff argues that at the current hourly rate of $175.00, that fee award would have been $6,965. Given that the current matter required a reply brief (unlike the matter before Judge Zimmerman) and required further negotiations and the preparation of a post-decision stipulation to amend the order, Plaintiff argues that the fees currently sought are certainly in line with those awarded by Judge Zimmerman. *See* Clark Decl. at 2.

In addition to arguing that Plaintiff's fees sought here are higher than the "average" for social security cases generally Defendant argues that the hours billed in this particular case are unreasonable. Specifically, Defendant points to the fact that Plaintiff's counsel is very experienced, and has litigated social security cases for 30 years. Defendant argues that counsel's experience, coupled with the fact that the issues in Plaintiff's summary judgment motion were "fairly characterized as routine"and did not involve complex facts or legal issues, warrant a reduction of the amount of fees sought. Opp. at 3. The Defendant argues that 19.3 hours the hours should be reduced by 7.1 hours (or $1,242.50) on the ground that the time spent preparing the Plaintiff's opening and reply briefs was excessive. *Id.* at 4-5. Defendant argues that the Plaintiff's total fee request, therefore, should be reduced by 7.1 hours or $1,242.50, resulting in no more than $7017.50 being awarded to Plaintiff. The Court disagrees. Counsel for the Plaintiff attests to the fact that he has exercised billing judgment in this case and reduced the number of hours actually spent litigating the case. *See* Clark Decl., ¶ 4. While the amount of fees sought is at the higher end of the average range noted by many courts, it is not unreasonably so, given the nature of the case, and the fact that it required briefing beyond just opening briefs. *See Patterson v. Apfel,* 99 F.Supp.2d 1212 (C.D. Cal., 2000) (conducting survey of several dozen social security cases, concluding that the number of hours expended there, 33.75, falls within the average range) (citing cases); *see also*, *Hardy v. Callahan*, 1997 WL 470355, *9 & n.10 (E.D. Tex. 1997) (awarding EAJA fees for 46.5 hours,

5

including 6.5 hours for fee petition, noting that "[t]he typical EAJA application in social security cases claims between thirty and forty hours," and concluding that "[t]his appears to be an appropriate average" for "relatively non-complex" social security cases) (citations omitted); *Terry*, *supra*, 711 F.Supp. at 527(granting fees under 42 U.S.C. § 406(b) for 37.75 hours of attorney time, noting that "[t]his is not an inordinate amount of time, and in fact, falls right in line with one court's determination of an average.... 'An interesting in-house survey performed by Chief Judge Carl Rubin of the Southern District of Ohio and encompassing seven years of data and found that the average number of hours asserted in the fee petition was 37.3.' ") (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir.1989));

Defendant also argues that Plaintiff's fee motion inappropriately requests .6 hours of administrative tasks that are not recoverable under the EAJA. Opp. at 3 (citing Counsel's Billing Sheet, 5/10/10, 9/8/10, 10/25/11). In particular, Plaintiff has billed for time spent to efile documents, a task that does not require attorney expertise. *Id*. at 4. Defendant points out that a plaintiff is not entitled to fees for work that need not have been performed by an attorney. *Id.* at 3 (citing *Missouri v. Jenkins*, 491 U.S. 274, 288, n. 10 (1989) ("purely clerical or secretarial tasks"should not be billed even at paralegal rates). Thus, according to the Defendant, a .6 reduction ($105) is appropriate. *Id*. at 4. The Court agrees that time spent efiling is not recoverable and will reduce the fee award by $105.

The Defendant also seeks a .5 reduction for what it calls "hard to decipher"entries involving conferences with the client. *Id.* at 4. Plaintiff responds in his Reply with an additional level of specificity as to these particular client conferences. The Court declines to reduce the fee award for the client conferences.

Finally, citing *Astrue v. Ratliff*, 130 S.Ct. 2521, 2010 WL 2346547 (2010) that the Defendant argues that the fees should be awarded to the Plaintiff, not to his counsel. Opp. at 5-6. The government contends that the award disbursed is a matter between Plaintiff, the attorney, and the government. If this Court awards EAJA fees, and Plaintiff does not owe a government debt that qualifies for offset, then payment may be made in the name of the attorney based on the

6

government's discretionary waiver of the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727." *Id.* at 7. The Plaintiff concedes this point in his Reply Brief. The Court therefore grants the Defendant's request to have the fee award paid to the Plaintiff.

### IV. CONCLUSION

The Plaintiff's fee Motion is GRANTED IN PART. Plaintiff is awarded $8,505.00 in fees and costs.

IT IS SO ORDERED.


Dated: August 2, 2012

JOSEPH C. SPERO
United States Magistrate Judge

7